### In re PRUDENCE CO., Inc.

### In re AMALGAMATED PROPERTIES, Inc.

### Application of PRESIDENT AND DIRECTORS OF MANHATTAN CO.

No. 360.

Circuit Court of Appeals, Second Circuit.

May 3, 1937.

Carter, Ledyard & Milburn, of New York City (J. M. Richardson Lyeth and John P. Allee, both of New York City, of counsel), for appellant.

Thomas Cradock Hughes and Emanuel Celler, both of New York City (Irving Rozen, Irving L. Schanzer, Hubert Margolies, and Saul Siegenfeld, all of New York City, of counsel), for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

January 9, 1931, a bond and mortgage were executed and delivered to the Prudence Company, Inc., for the principal sum of $675,000, bearing interest at 6 per cent. on premises in the Borough of the Bronx, City of New York. July 30, 1931, the Prudence Company, Inc., assigned the bond and mortgage to the Prudence-Bonds Corporation, which in turn assigned them to the Bank of Manhattan Trust Company as depositary under a deposit agreement. By the terms of this agreement, Prudence-Bonds Corporation reserved the right to issue participation certificates representing undivided shares of the bond and mortgage; the depositary was granted the right to take any action deemed proper to protect the mortgage security, to collect, sue for, and receive the principal and interest on the bond and mortgage; the Prudence-Bonds Corporation, however, was appointed agent to collect payments of principal and interest and the depositary was given the power to revoke this agency by written notice. The deposit agreement contained a reference to the guaranty of the Prudence Company, Inc., stating that this document, along with the bond and mortgage, insurance policies, and other instruments and evidences of title, was to be held by the Bank of Manhattan Trust Company "as Depositary for the benefit of all parties interested in said Bond and Mortgage * * *."

Thereafter the Prudence-Bonds Corporation issued to the Prudence Company, Inc., participation certificates bearing interest at $5\frac{1}{2}$ per cent. and the Prudence Company, Inc., sold these certificates to the general public along with its guaranty of principal and interest. The certificate states that it is held pursuant to the deposit agreement and likewise contains the following: "The Corporation and/or The Prudence Company Inc., hereinafter called the 'Guar-

antor' and/or Bank of Manhattan Trust Company, are irrevocably authorized to collect all moneys payable under the terms of said mortgage; credit said bond and mortgage with payments thereon * * * ; account to the holder of this certificate for his share of the principal and for interest at the rate of 5½% per annum thereon, payable under the terms of this certificate, and to retain any balance of moneys collected." Reference is made in the certificate to the guaranty of the Prudence Company, Inc., stated to be in the possession of the depositary, and it is further provided that "by the acceptance of this certificate, the holder thereof agrees to the terms and conditions of this guarantee." Included in the terms of the guaranty is the provision that the guarantor "is made irrevocably the agent of the insured [certificate holder], until said certificates of the insured be paid, with the exclusive right * * * to collect the principal and interest as it falls due on said bond and mortgage * * *."

Upon default on the mortgage it was foreclosed and a corporation whose stock was wholly owned by the Prudence Company, Inc. (the Amalgamated Properties, Inc.), purchased at such foreclosure acquiring title to the premises which it still retains. January 31, 1934, the Manhattan Company gave written notice to the Prudence-Bonds Corporation that its agency was revoked. The Prudence Company, Inc., has continuously serviced the bond and mortgage, collecting principal and interest, as well as the rents, and profits. It is admitted that the mortgage and guaranty are in good standing in respect to interest payments and taxes; but no part of the principal maturing December 1, 1933, or thereafter has been collected and none has been paid by the guarantor.

▮ The appellant's motion, seeking to revoke the Prudence Company's agency, was denied below on the ground that the decision on a former application was res adjudicata and a bar to the present proceeding. The prior petition, filed May 15, 1936, sought: (1) A deed from Amalgamated Properties, Inc., and the Prudence Company, Inc., conveying title to the property and delivering immediate possession; (2) an account of all sums received by Amalgamated Properties, Inc., and the Prudence Company, Inc., by way of "rents, income and profits" and of disbursements made for carrying charges and interest paid to certificate holders; (3) payment of all moneys

in the hands of Amalgamated Properties, Inc., and the Prudence Company, Inc., representing "rents or other income collected from" the property and likewise delivery of "all the books, accounts, memoranda * * * and other writings in any manner relating to said property, including a list of the names and addresses of the holders of the certificates, showing the principal amount of the certificates held by each holder." The application of the Manhattan Company was denied in all respects and no appeal was taken therefrom. Though the petition did not specifically ask for a revocation of the Prudence Company's agency, that seems to be merely a matter of words. An oral stipulation was entered into at that time waiving the failure to serve a demand upon the Prudence Company, Inc., revoking and terminating its rights to service and administer the certificate issue. Revocation was implicit in the broad relief asked for. It is only on this theory that the demand for all "income" and for all "books, accounts and * * * and writings in any manner relating to" the property can be explained. The application seems to have directly challenged the right of the Prudence Company to service and administer the mortgage and certificate issue.

▮ In any event, there is no authority by which the Manhattan Company may assert the right to revoke the Prudence Company's agency. We have already given a general outline of the series of agreements which led up to the issuance of the certificates. They must be looked at as steps in the accomplishment of a single plan. First there was the assignment of the bond and mortgage without consideration to the Prudence-Bonds Corporation; then there was the assignment to the Bank of Manhattan Trust Company which was to hold legal title merely as depositary. The Prudence Company, Inc., was not a party to the deposit agreement; but the agreement did make mention of its guaranty and authorized the participation certificates which were to be issued to it. The certificate confers the powers of agency upon either the depositary, the guarantor, or the Prudence-Bonds Corporation and incorporates the guaranty which makes the guarantor irrevocable agent. The agency which the deposit agreement purported to confer upon the Prudence-Bonds Corporation, and which the depositary had the power to revoke, became qualified by the subsequent and dominating agreement

which arose when the certificates were issued and when the Prudence Company as guarantor became agent to service and administer the certificate issue.

By the guaranty the Prudence Company was granted an irrevocable agency which nevertheless is held to be revocable upon default on its guaranty. In re The Westover, Inc., 82 F.(2d) 177 (C.C.A.2). Whether or not there is a default is not clear. But this is not material since even if a default exists, the fact remains that the right of revocation inures to the benefit not of the depositary but of the certificate holders who, after all, are the real owners of the mortgage and the parties primarily interested. In re The Westover, Inc., supra. Viewing the agreements as a whole and the relative status of the parties involved, we can see no justification for holding that the depositary may substitute itself as agent and displace the guarantor.

The argument based on the supposed inequity of allowing the Prudence Company to execute its agency is disposed of by Prudential Ins. Co. v. Liberdar, 85 F.(2d) 504 (C.C.A.2).

Order affirmed.

SWAN, Circuit Judge, concurs in result.